This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39735**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GARY GREGOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Mary Marlowe Sommer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The opinion filed on July 12, 2023, is hereby withdrawn, and this opinion is substituted in its place. After a jury trial, Defendant Gary Gregor was convicted of four counts of first-degree kidnapping, contrary to NMSA 1978, Section 30-4-1 (2003); three counts of criminal sexual penetration of a minor under the age of thirteen (CSPM), a first-degree felony, contrary to NMSA 1978, Section 30-9-11(D)(1) (2007, amended 2009); and three counts of criminal sexual contact of a minor under the age of thirteen

(CSCM), a third-degree felony, contrary to NMSA 1978, Section 30-9-13(C)(1) (2003). On appeal Defendant argues that (1) double jeopardy principles require us to vacate two of his CSPM convictions and one of his CSCM convictions and (2) insufficient evidence supports his convictions for kidnapping, CSPM, and CSCM. We conclude that Defendant's first argument has merit under New Mexico double jeopardy precedent, including *State v. Serrato*, 2021-NMCA-027, 493 P.3d 383, which controls our analysis here and which we decline the State's invitation to overrule. *Serrato* requires that three of Defendant's ten convictions be vacated. However, seven of Defendant's convictions stand because we reject Defendant's arguments that the evidence is insufficient.

## DISCUSSION

### I. Double Jeopardy Principles Require That Three of Defendant's Convictions Be Vacated

**{2}** Defendant argues that two of his CSPM convictions and one of his CSCM convictions are each based on the same evidence as a corresponding conviction for first-degree kidnapping and that a double jeopardy violation will occur if the convictions for both the sexual offense and the kidnapping in each pair are left in place. We agree for the following reasons.

**{3}** Defendant raises a double description challenge, which we review under a two-part test. *See Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. First, we must determine "whether the conduct underlying the offenses is unitary, *i.e.*, whether the same conduct violates both statutes." *Id.* If the conduct is unitary, we must determine whether the Legislature intended to permit dual punishment for that conduct. *See State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747.

**{4}** This Court has applied the two-prong test to a double jeopardy challenge that was substantially the same as Defendant's. In *Serrato*, the defendant contended he could not be convicted of both first-degree kidnapping and CSCM. 2021-NMCA-027, ¶ 21. This Court agreed. As to the unitary conduct prong, this Court explained that the defendant was convicted of CSCM for touching the victim's breasts, and that the defendant was convicted of first-degree kidnapping because he committed a sexual offense against the victim during the kidnapping. *Id.* ¶¶ 23-26; *see* § 30-4-1 (providing that kidnapping is a first-degree felony if the defendant inflicts a sexual offense on the victim); *accord* UJI 14-403 NMRA (describing essential elements of kidnapping). This Court observed that the state only presented evidence of "one sexual offense that occurred during the course of the kidnapping: the touching of [the victim's] breasts." *Serrato*, 2021-NMCA-027, ¶ 26. Rejecting the notion that the defendant completed the first-degree kidnapping before he committed CSCM, this Court explained that commission of a sexual offense during the kidnapping is an essential element of first-degree kidnapping, and that "the elements of first-degree kidnapping were not satisfied until a sexual offense was committed." *Id.* Because "the facts presented at trial demonstrate[d] that the first-degree kidnapping and CSCM charges were based on the

same conduct," this Court "conclude[d] that the conduct underlying both offenses [was] unitary." *Id.* ¶ 27 (emphasis omitted).

**{5}**     As to the legislative intent prong, this Court recognized that a modified *Blockburger* analysis was necessary because the kidnapping and CSCM statutes do not expressly allow multiple convictions and that there are alternative ways of committing kidnapping. *Id.* ¶ 28; *see also State v. Franco*, 2005-NMSC-013, ¶ 14, 137 N.M. 447, 112 P.3d 1104 (expressing approval of the modified *Blockburger* test). That analysis entails "look[ing] to the [s]tate's trial theory to identify the specific criminal cause of action for which the defendant was convicted, filling in the case-specific meaning of generic terms in the statute when necessary." *Serrato*, 2021-NMCA-027, ¶ 16 (internal quotation marks and citation omitted). If this inquiry reveals that, under the state's trial theory, "one statute is subsumed within the other, then the analysis ends and the statutes are considered the same for double jeopardy purposes." *State v. Silvas*, 2015-NMSC-006, ¶ 12, 343 P.3d 616. To pinpoint the state's trial theory in *Serrato*, this Court reviewed the indictment, the jury instructions, and the state's closing argument, which indicated that the basis for both the kidnapping conviction and the CSCM conviction was the touching of the victim's breasts. 2021-NMCA-027, ¶¶ 30-32. Accordingly, this Court accepted the defendant's argument that the CSCM conviction was subsumed in the first-degree kidnapping conviction, and that the defendant was being punished twice for the same offense. *Id.* ¶¶ 21, 32. The remedy for the double jeopardy violation was to vacate the defendant's conviction for the less serious offense, CSCM. *Id.* ¶ 32.

**{6}**     *Serrato* controls our analysis of Defendant's double jeopardy claims. We conclude that all of Defendant's claims involve a first-degree kidnapping conviction paired with either a CSPM or CSCM conviction that is based on the same conduct, and that, under the State's theory at Defendant's trial, each CSPM or CSCM conviction is subsumed by the corresponding kidnapping conviction. We explain each conclusion in turn.

**{7}**     As to the unitary conduct prong of the *Swafford* test, the same straightforward analysis applies to all three pairs of kidnapping and sex offense convictions: CSPM in Count 1 and kidnapping in Count 4; CSPM in Count 2 and kidnapping in Count 5; and CSCM in Count 12 and kidnapping in Count 8.[1] One of the essential elements in all three kidnapping instructions is that Defendant "inflicted a sexual offense upon [the victim] during the course of the kidnapping," and the State concedes on appeal that each kidnapping instruction referred to the underlying sexual offense in the pairing described above. Each pair of convictions is therefore based on unitary conduct because, as in *Serrato*, the elements of first-degree kidnapping were not satisfied until Defendant committed the underlying sexual offense. *See Serrato*, 2021-NMCA-027, ¶ 26.

---

1Throughout this opinion we refer to the counts using the numbers assigned by the district court in its order renumbering the counts in the indictment and in its judgment and sentence.

**{8}**     Turning to the legislative intent prong, we apply the modified *Blockburger* test to each pair of convictions. As to each pair, we conclude that the kidnapping charge subsumes the sexual offense charge.

**{9}**     The jury instruction for the CSPM conviction in Count 1 indicates that Defendant was convicted of that crime for inserting one or more fingers "into the vulva of [N.H.] while she was wearing a skirt." The jury instruction for the corresponding kidnapping conviction in Count 4 describes the underlying sexual offense generically but indicates that Defendant "restrained [N.H.] by intimidation by having her sit at council table right next to him and putting his hands on her thighs." On appeal, the State acknowledges that the act of penetration charged in Count 1 occurred while Defendant restrained N.H. at council table as charged in Count 4. Additionally, during its closing argument, the State described the elements of the various sex offences; stated that "[for] kidnapping, we're looking at *the same sex offenses*"; and noted, as to the kidnapping charge related to Count 1, "it was that intimidation that caused her to stay, so that he could commit *the* sex act against her."

**{10}**     The jury instruction for the CSPM conviction in Count 2 indicates that Defendant was convicted of that crime for inserting one or more fingers "into the vulva of [N.H.] while she was wearing pants." The jury instruction for the corresponding kidnapping conviction in Count 5 describes the sexual offense generically but indicates that Defendant "restrained [N.H.] by intimidation by keeping her chair close to him, the difference in their size, and his position as her teacher." On appeal, the State acknowledges that the act of penetration charged in Count 2 occurred while Defendant restrained N.H. in exactly the manner charged in Count 5. And in its closing argument the State noted the direct relationship between the kidnapping in Count 5 and the CSPM in Count 2. When explaining the elements of the former, the prosecutor stated, "[T]his is the kidnapping that is connected to Count 2."

**{11}**     The jury instruction for the CSCM conviction in Count 12 indicates that Defendant was convicted of that crime because he "touched or applied force to the buttock(s) of [A.L.] while in the closet." The jury instruction for the corresponding kidnapping conviction in Count 8, while generic as to the underlying sexual offense, indicates that Defendant "restrained or confined [A.L.] by force and intimidation by having [A.L.] go to the classroom closet, standing in between her and the closet door, kissing her on the lips and touching her groin and buttocks." The State acknowledges on appeal, consistent with its closing arguments at trial, that the sexual contact charged in Count 12 occurred while Defendant was restraining A.L. in exactly the manner charged in Count 8.

**{12}**     Based on our conclusions that each pair of convictions is based on unitary conduct and that the sexual offense in each pair is subsumed by its corresponding kidnapping conviction, we hold that the double jeopardy principles set forth in *Serrato* and other precedents require that one of the convictions in each pair be vacated. *See* 2021-NMCA-027, ¶ 32; *State v. Luna*, 2018-NMCA-025, ¶ 11, 458 P.3d 457 ("If application of either approach to the *Blockburger* test 'establishes that one statute is

subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes—punishment cannot be had for both.'" (quoting *Swafford*, 1991-NMSC-043, ¶ 30)).

**{13}**    The State contends that instead of relying on *Serrato*, we should overrule it, arguing that it "is so unworkable as to be intolerable," *Swick*, 2012-NMSC-018, ¶ 17 (internal quotation marks and citation omitted), because it "conflicts with New Mexico precedent and because it misread the Legislature's intent." Because we do not believe that the State has provided a compelling reason to overrule *Serrato*, we decline to do so. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901.

**{14}**    The State contends that *Serrato* conflicts with *State v. McGuire*, 1990-NMSC-067, ¶¶ 8-14, 110 N.M. 304, 795 P.2d 996, in which our Supreme Court held that no double jeopardy violation occurred when the defendant was convicted of kidnapping and criminal sexual penetration (CSP), even though the kidnapping conviction was used to elevate the CSP conviction to a second-degree felony. The State argues that while *Serrato* "held that first-degree kidnapping is not complete until the defendant commits the underlying sex crime[,] . . . *McGuire* stated that kidnapping is complete when the defendant restrains the victim with the requisite intent." This is true, but it does not mean there is a conflict between *Serrato* and *McGuire* because the courts in those cases were interpreting substantially different kidnapping statutes. The statute that was at issue in *Serrato* and that is at issue here defines first-degree kidnapping to include the essential element of inflicting a sexual offense on the victim. *See* § 30-4-1(A)(4), (B). That was the basis for the *Serrato* court's conclusion that the defendant did not commit first-degree kidnapping until he committed CSCM. *See* 2021-NMCA-027, ¶¶ 26-27. In contrast, inflicting a sexual offense was not an essential element of kidnapping in *McGuire*. Instead, the essential element that related to a sexual offense pertained to mens rea: the defendant's intent to hold the victim against her will for services, including sexual purposes. *McGuire*, 1990-NMSC-067, ¶¶ 7-8. Our Supreme Court recognized that "[o]nce defendant restrained the victim with the requisite intent to hold her for service against her will, he had committed the crime of kidnapping," and the kidnapping and CSP—which occurred *after* the elements of kidnapping were satisfied—were not based on the same conduct. *Id.* ¶¶ 9-10. The Court emphasized the distinction between using "the same facts to prove *successive* offenses that depend on *separate* conduct with the use of the same facts to prove *concurrent* offenses that depend on the *same* conduct." *Id.* ¶ 10. *McGuire* involved the former; *Serrato* involved the latter. The different analyses and outcomes in the two cases illustrate the critical distinction drawn by our Supreme Court in *McGuire*. These precedents are harmonious, not discordant. We therefore reject the State's argument that *Serrato* conflicts with *McGuire*.

**{15}**    We also reject the State's argument that *Serrato* conflicts with *State v. Dominguez*, 2014-NMCA-064, 327 P.3d 1092. The State relies on parts of *Dominguez* that do not pertain to the double jeopardy challenge made by the defendant in that case. *Id.* ¶¶ 13-19. The question in the cited paragraphs of *Dominguez* was whether the absence of a special verdict form for first-degree kidnapping precluded the defendant

from being convicted of that offense, requiring entry of judgment for second-degree kidnapping instead. *Id.* We perceive no conflict between *Serrato*'s double jeopardy holding and *Dominguez*'s holding that in the absence of a special verdict form, the defendant could be convicted of first-degree kidnapping because he was also convicted of CSP.[2]

**{16}** Finally, the State argues that *Serrato* rests on the erroneous conclusion that the Legislature did not intend to allow separate punishments for first-degree kidnapping and the underlying sexual offense. The State faults the *Serrato* court for "[r]elying exclusively on the modified *Blockburger* test"; for not examining whether the two offenses are aimed at addressing different social evils; and for not considering the language, structure, and legislative history of the kidnapping, CSPM, and CSCM statutes. The State's argument is contrary to our Supreme Court's precedents. *See, e.g.*, *State v. Porter*, 2020-NMSC-020, ¶ 20, 476 P.3d 1201 ("Under the modified *Blockburger* analysis, if we determine that one of the offenses subsumes the other offense, the double jeopardy prohibition is violated, and punishment cannot be had for both." (internal quotation marks and citation omitted)); *Swafford*, 1991-NMSC-043, ¶ 30 ("If [the *Blockburger*] test establishes that one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes— punishment cannot be had for both."). Those precedents were binding on the *Serrato* court. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). Having concluded that the conviction for the underlying sexual offense was subsumed by the conviction for first-degree kidnapping under the modified *Blockburger* test, the *Serrato* court was compelled to also conclude that the Legislature did not intend to allow separate convictions and punishments for the same conduct.

## II.     Sufficient Evidence Supports Defendant's Convictions

**{17}** Defendant contends that the State presented insufficient evidence to support his convictions for first-degree kidnapping, CSPM, and CSCM. Applying New Mexico's established standard of review for sufficiency challenges, *see State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057; *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314, we disagree.

**{18}** As to Defendant's kidnapping convictions, Defendant limits his challenge to two of the essential elements: that he exercised restraint by force or intimidation as to N.H. and A.L. and that he acted with the intent to commit a sexual offense. Importantly, Defendant does not contend that the victims' testimony is inadequate, if accepted as

---

2The State cites cases in which our Supreme Court has "approved of simultaneous trials for CSP and first-degree kidnapping." The State argues that the outcomes in those cases "would be impossible under *Serrato*'s reasoning." But, as the State acknowledges, our Supreme Court did not address double jeopardy challenges in those cases. Accordingly, the cited cases do not stand for any proposition regarding double description challenges to convictions for first-degree kidnapping and underlying sexual offenses. *See Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 23, 84 N.M. 343, 503 P.2d 323 ("The general rule is that cases are not authority for propositions not considered."). And the cited cases therefore do not conflict with *Serrato*'s double jeopardy holding.

true by the jury, to support the challenged elements. Having carefully reviewed the record, we conclude that the victims' testimony sufficed to allow a rational jury to find that the State proved the challenged elements beyond a reasonable doubt. Defendant argues only that his wife's testimony is inconsistent with the verdicts. Specifically, Defendant argues that his wife testified that she was often in the classroom during the relevant time period, and that she never observed any of the criminal acts that the jury found that Defendant committed. We reject this argument as contrary to our standard of review, which prohibits us from reweighing the evidence and revisiting the jury's credibility determinations. *See Garcia,* 2011-NMSC-003, ¶ 5. Defendant presented his version of the facts through his wife's testimony, but the jury was free to reject that version and instead accept as true the testimony of the victims and find him guilty based on that testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). We hold that the evidence suffices to support Defendant's kidnapping convictions.

**{19}**    For similar reasons, we reject Defendant's argument that the evidence does not suffice to support his CSPM and CSCM convictions. Again, Defendant does not contend that the victims' testimony is inadequate, if accepted as true by the jury, to support the challenged elements. And again, Defendant's argument runs headlong into our standard of review. Defendant claims that "[t]he State's case depended entirely on the credibility of [the victims and another witness] as they recalled their experiences," and that testimony was not credible because the witnesses "gave inconsistent accounts on a number of details," and because their testimony was not supported by forensic or medical evidence. But whether to find the witnesses against Defendant credible and how to resolve any inconsistencies in their testimony was within the exclusive province of the jury, *see State v. Tapia*, 2015-NMCA-048, ¶ 20, 347 P.3d 738; we may not revisit the jury's credibility determinations, *see Garcia,* 2011-NMSC-003, ¶ 5; and New Mexico law no longer requires corroboration. *See* NMSA 1978, § 30-9-15 (1975); *State v. Nichols*, 2006-NMCA-017, ¶ 10, 139 N.M. 72, 128 P.3d 500 ("In prosecutions for criminal sexual penetration, the testimony of the victim need not be corroborated and lack of corroboration has no bearing on [the] weight to be given to the testimony." (alterations, internal quotation marks, and citation omitted)). Deferring to the jury as our standard of review requires, we decline to undo its guilty verdicts. We hold that the evidence of CSPM and CSCM suffices.

**CONCLUSION**

**{20}**    We remand this case to the district court to vacate three of Defendant's ten convictions. The court must exercise its discretion to vacate either the CSPM conviction in Count 1 or the kidnapping conviction in Count 4 and either the CSPM conviction in Count 2 or the kidnapping conviction in Count 5 because the CSPM offenses and the kidnapping offenses are all first-degree felonies. *See Porter*, 2020-NMSC-020, ¶ 42 (explaining that when "both offenses result in the same degree of felony, the choice of which conviction to vacate lies in the sound discretion of the district court"); *see also* § 30-9-11(D)(1) (first-degree CSPM); § 30-4-1 (first-degree kidnapping). The district court

must also vacate the conviction for CSCM in Count 12 because that conviction carries a shorter sentence than the kidnapping conviction in Count 8. *See State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426 (explaining that "where one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence"); *see also* § 30-9-13(C)(1) (third-degree CSCM). We otherwise affirm.

**{21} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**